■ In the Matter of the Estate of BECKY AARON, Deceased. FLORENCE THALER et al., as Executors of BECKY AARON, Deceased, et al., Appellants; JAMES S. BROWN, JR., Guardian ad Litem, Respondent-Appellant; GEIST, NETTER & MARKS et al., Respondents.— These cross appeals from portions of a decree of the Surrogate's Court, Kings County, dated September 8, 1969, settling the executors' intermediate account, and from portions of an order of the same court, dated March 13, 1970, amending the decree, were originally determined by this court by its decision and order, both dated June 28, 1971 (*Matter of Aaron*, 37 A D 2d 626). Thereafter, on April 26, 1972, the Court of Appeals modified said order of this court and remitted the proceeding to this court " to reconsider whether * * * [predecree] interest should be added to the amount of attorneys fees awarded "; the attorneys in question were the firm of Geist, Netter & Marks, Esqs., the appellants in the Court of Appeals; and the Court of Appeals also held that the questions of fixing the fees and of the method of computation rested in the discretion of the Surrogate's Court and this court and that for the " delay in receipt of the payment " of the fees the award could " compensate " the attorneys either in the principal amount or by way of interest (*Matter of Aaron*, 30 N Y 2d 718, 719, 720). Said decision and order of this court are hereby amended by striking from the second decretal paragraph of each the following: " (4) striking out the award of interest to Geist, Netter & Marks, Esqs. up to the date of the original decree " and substituting therefor: " (4) allowing pre-decree interest to Geist, Netter & Marks, Esqs. at the rate of 6% per annum from January 24, 1969 to September 8, 1969, the date of the decree in this proceeding, on the above balance of $53,800 owing from this estate to them ". In our opinion, before the fixation by the Surrogate's Court of a fee to be paid to Geist, Netter & Marks, Esqs., for the services they had rendered, which services are referred to in their petition filed July 24, 1968, could have been duly determined, necessary legal procedures entailing at least six months would have had to be taken, even assuming that all proceedings in the Surrogate's Court were up to date. Among other procedural matters which must have been adhered to for the fixation by that court of the fee in question were (a) the statutory requirement that all persons interested in the estate be duly cited to show cause why the fee should not be fixed and as to the reasonable value of the services; (b) the right of such parties to examine the

petitions filed and to prepare, serve and file any answer or objections thereto; (c) the appointment of a special guardian (now referred to as a guardian ad litem) to represent the infant beneficiaries of the estate; (d) the preparation for trial and the trial of any issues raised by the answers and objections; and (e) the decision of the Surrogate and the entry of an appropriate decree thereon (see SCPA 102, 302–308, 402, 405; CPLR 4213). Thus, it is our opinion that at least six months necessarily transpired after the filing of the petition by reason of required court procedures, and not by reason of "delay", before the fee could have possibly been fixed. Accordingly, January 24, 1969 should be fixed as the commencement of the "delay" period for the allowance of predecree interest. Hopkins, Acting P. J., Munder, Latham, Gulotta and Brennan, JJ., concur.